UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

ROLAND KELECHI UWAZURIKE,

    Defendant.
_____/

Case No. 08-20065

HONORABLE AVERN COHN

## MEMORANDUM AND ORDER

**I.**

This is a criminal case.

On May 15, 2009, a jury after a five (5) day trial found defendant guilty of two (2) counts of violation of 21 USC §§ 5841(a) and 846 (Conspiracy to Possess With Intent to Distribute and to Distribute Heroin). Now before the Court is defendant's motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) on the grounds that "the evidence presented was insufficient to sustain a conviction as to each of the charges contained in the First Superseding Indictment." Alternately, defendant moves for a new trial under Fed. R. Crim. P. 33 "in the interests of justice." Defendant also argues that the government engaged in prosecutorial misconduct requiring a new trial.

For the reasons that follow, the motion will be denied.

## II.

The elements of the crimes charged are set forth in the instructions, to which there has been no objection, and therefore they will not be repeated here.

## III.

### A.

The test for sufficiency of the evidence is well known and merits only a brief discussion.  As stated by the Supreme Court, "the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (emphasis in original).

### B.

To obtain a new trial "in the interests of justice," the defendant must demonstrate that the verdict was against the great weight of the evidence. United States v. Solaris, 337 F.3d 580, 589 (6th Cir. 2003).  When considering the motion, "the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice." United States v. Ashworth, 836 F.2d 260, 266 (6th Cir. 1988).

### C.

As stated by the Sixth Circuit,

> [t]he Sixth Circuit has adopted a two-step approach for determining

> when prosecutorial misconduct warrants a new trial. Under this approach, a court must first consider whether the prosecutor's conduct and remarks were improper. If the remarks were improper, the court must then consider and weigh four factors in determining whether the impropriety was flagrant and thus warrants reversal. These four factors are as follows: (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.

United States v. Carter, 236 F.3d 777, 783 (6th Cir. 2001). "Prosecutorial misconduct requires showing prejudice." United States v. Coker, 514 F.3d 562, 568 (6th Cir. 2008)

### III.

#### A.

Testifying at trial in the government's case were three (3) DEA agents, three (3) ICE agents, a Customs and Border Inspections agent; two (2) chemists and Joanna Marie Bush (Bush) and Emmanuel Osigwe (Osigwe).

Bush testified to receiving a DHL package on behalf of defendant which contained the Count One heroin, and her relationship with defendant.

Osigwe testified to receiving a Federal Express package on behalf of defendant which contained the Count Two heroin, and his relationship with defendant.

The DEA agents testified to the controlled delivery of the Count One heroin. The ICE agents and Customs and Border Inspections agents testified to the controlled delivery of the Count Two heroin.

The chemists testified to the fact that the respective packages contained heroin.

#### B.

Exhibits at trial included books in which heroin was concealed in the reverse side of

the covers, DHL and Federal Express shipping boxes, heroin, laboratory reports, a cell phone, recordings of consensually recorded phone calls, transcripts of such calls, photographs, summary charts of phone calls, Western Union receipts, bank records and assignments, and Osigwe's Rule 11 Plea Agreement and Cooperation Agreement.

**IV.**

A.

The proofs at trial relating to Count One are described in the government's brief generally as follows:

Count One

> Regarding the heroin delivered to 5807 Chippewa, Howell, Michigan, Joanne Bush's home, five witnesses testified. DEA Special Agent Thomas Bacon testified regarding the package's origins [in India] and the practice of secreting heroin in books in India. DEA Special Agent Mandy Crockett testified about the controlled delivery to Ms. Bush. Luke Augustine, a DEA forensic chemist, testified about his conclusion that the substance found in the children's books was in fact heroin and that a cutting agent identified in the heroin was caffeine. Joanne Bush testified about her relationship with the defendant, about when he started to mail packages to her in 2007 and his explanations regarding the packages, about the circumstances surrounding the package she received on May 30, 2007 on the defendant's behalf and about the three recorded telephone calls between her and the defendant.
>
> The concluding witness was DEA Special Agent Jeffrey Moore, who testified about his investigation and controlled delivery that resulted in the evidence supporting Count 1. Special Agent Moore explained the process by which he determined that the addressee on the package did not match the property records for 5807 Chippewa and his efforts in determining who the actual recipient of the package was supposed to be.
>
> All of the DHL packaging was introduced, about which defendant and Joanne Bush had three conversations on May 30, 2007. Those three conversations were recorded and

> presented to the jury, and Joanne Bush testified as to their content. The three children's books that contained the heroin and the heroin were also introduced. The lab report indicating the substance found in the books was heroin was introduced. Defendant's cellular telephone was admitted, which was the telephone on which he spoke to Joanne Bush about the May 30 package and for which telephone records were obtained.
>
> A summary chart of the defendant's telephone records was also admitted, which showed the recorded calls interspersed with calls to an unknown individual in India on May 30. The delivery manifest, Joanne Bush's written statement and her *Miranda* waiver were also admitted. As described, corroborative evidence in support of Joanne Bush's testimony was admitted.

The evidence described above was uncontroverted and more than sufficient for the jury to conclude that defendant was guilty of the charge in Count One beyond a reasonable doubt.

B.

The proofs at trial relating to Count Two are described in the government's brief generally as follows:

Count Two

> Six witnesses testified, including Customs & Border Inspections Inspector Kerry Carter, who intercepted the FedEx package that resulted in the June 8 controlled delivery, ICE Special Agent Jessie Lopez, who effected the June 8 controlled delivery to Emmanuel Osigwe at the San Juan house, and Kristen Kopchick Flentye, the DEA forensic chemist who testified that the substance found in the FedEx package and the substance found in the books which had been discovered in Osigwe's car, were heroin. She also testified that a cutting agent found in all of the heroin she tested was caffeine.
>
> Additionally, the jury heard from ICE Special Agent Mary Ann Granger as to her role in the heroin's chain of custody. ICE Special Agent Christopher Leonard also testified as to his analysis of defendant's telephone records, which included 289

calls between defendant and individuals in India in a 4-month period. Special Agent Leonard testified regarding photographs taken of his efforts to remove the heroin from the books relevant to Count 2. Special Agent Leonard also testified regarding his interactions with Osigwe, including his involvement with Osigwe's prosecution and eventual debriefing. Emmanuel Osigwe also testified that the package delivered to the house on San Juan was for defendant. He further testified that a woman showed up at his home on Penrod Street in Detroit the morning of June 8 looking for defendant so she could provide him with books; those books were introduced in evidence.

Osigwe further testified that defendant was on the telephone with the woman and spoke to Osigwe on speaker phone, directing him to take the books and bring them to him along with the package he would be receiving from FedEx later that morning. Osigwe also testified about his arrest, indictment and debriefing. He admitted that he pled guilty and signed a cooperation agreement. In short, six witnesses testified about the June 8 delivery of heroin

Physical evidence was also introduced, including the Fed Ex packaging, the books that contained the heroin, the heroin, the FedEx door tag and tracker sheet, the lab reports, the manifest review, photographs and a telephone summary chart showing calls between Osigwe and defendant and between defendant and an individual in India as well as calls from defendant to Osigwe's roommate, Anthony Nwosu. Osigwe's Rule 11 Plea Agreement and Cooperation Agreement were also admitted. Corroborative evidence of Osigwe's testimony was admitted.

The evidence described above was more than sufficient for the jury to conclude that defendant was guilty of the charge in Count Two beyond a reasonable doubt.

C.

In summary, it is clear that a reasonable juror could have found the essential elements of the crimes charged beyond a reasonable doubt.

**V.**

A.

Defendant asserts that there was a miscarriage of justice in his conviction on Count Two as a consequence of the admission of the testimony of Osigwe. As described above, Osigwe received the FedEx package containing heroin inside the covers of the books in the package. This package, like the package sent to Joanne Bush, originated in India and was intercepted by a Customers and Border Inspection agent at the FedEx transfer station in Memphis. It was then sent on to Detroit and delivered to Osigwe, who was arrested immediately after he took possession of it.

Osigwe eventually pled guilty to possession with intent to deliver heroin. Because of the district judge's uncertainty over whether or not there was a sufficient basis regarding Osigwe's guilt, the plea was taken under advisement. The papers relating to Osigwe's plea, including the Rule 11 Agreement, the Cooperation Agreement and the plea transcript were initially sealed. They were unsealed and copies given to defendant's counsel before Osigwe was called to testify, and in ample time for counsel to read and digest them.

Defendant argues that the plea papers show an uncertainty as to whether Osigwe was actually guilty, and that he was severely prejudiced because the jury was not told of this uncertainty. This argument avails defendant of nothing.

First, defendant had ample opportunity to cross-exam Osigwe of the uncertainty displayed in his plea of guilty.

Second, the jury was advised that Osigwe's plea of guilty was taken under advisement.

Third, the jury was instructed as follows:

> A person who testifies as part of an agreement with the government to reduce the penalty on charges against him is a competent witness. His testimony may be received in

7

> evidence and considered by you even though not corroborated or supported by other evidence.
>
> Such testimony, however, should be examined by you with greater care than the testimony of an ordinary witness. You should consider whether the testimony may be colored in such a way as to further the witness' own interest, since a witness who realizes that he may procure his own freedom by incriminating another has a motive to falsify. After such consideration, you may give the testimony of such a witness such weight as you feel it deserves.

Fourth, defendant's counsel vigorously argued to the jury that Osigwe was not a credible witness. As to Osigwe's guilty plea he said:

> Why else is Mr. Uwazurike very interesting? Because of this. The government parades him up here and wants you to expect that this is Mr. Uwazurike, he's pled guilty, he's facing a sentence, he's going to serve time. What does he tell you? Well – and we go over this. The government doesn't ask him the questions.
>
> Did you tell the judge that you didn't know anything about what was in the box? Yes.
>
> Did you tell him you weren't getting paid for it? I wasn't getting paid for it.
>
> Didn't the judge tell you that he's not even sure that he was going to accept your plea? In other words, if the judge says I'm not going to accept this because I don't think that you knew something, Mr. Osigwe walks out the door. Never in my experience in 18 years have I seen that, where somebody is presented who is pleading guilty because what else do you know about this, too?
>
> For any other witness, any other witness, if there was a witness on our side of the courtroom, if I gave a witness ten cents before testifying, you can bet that the government would be down my throat about bribing a witness and trying to influence them and trying to influence their testimony. It could be a dime.
>
> But what do we allow the government to do? And the judge

>will give you some instructions on this. They are allowed to hold things over that witness' head. Otherwise, Mr. Osigwe, you heard, entered a plea in 2007, as we are sitting here in 2009, he hasn't been sentenced on anything. It keeps on getting put off, put off until after the trial. Why? Because he told you that the government will also make representations about being cooperative. That might allow him to get a lesser sentence. It also may allow them not to oppose a motion by Mr. Osigwe that, yeah, Judge, you shouldn't take my plea because I really didn't know anything when he comes back for sentencing, too. But the point is that's still out there.
>
>If you trust the witness, if the truth is the truth, you would have taken care of this long ago and allowed him to march into the courtroom and say what he was going to say. You don't extract a promise. You don't keep something hanging over their head because Mr. Osigwe knows that, and he also knows though that the government is not doing any dignity on what it's telling them.

B.

Osigwe's actions in relation to the Count Two heroin, and in relation to his guilty plea and the events preceding it were all described to the jury. There is nothing in his role that was withheld from the jury. The credibility of his testimony as it relates to the Count Two heroin and his relationship to defendant were for the jury to assess. The fact that the district judge who took his plea was uncertain as to the sufficiency of the evidence in support was a matter of law. The jury knew that his guilty plea had not been accepted. There is nothing in Osigwe's testimony to warrant giving defendant the opportunity to defend the Count Two charge in front of a second jury.

C.

Finally, defendant argues that the government engaged in prosecutorial misconduct because it took "two inconsistent" and "diametrically opposed positions" with respect to Osigwe. Defendant claims that a new trial is the necessary remedy. On the one hand,

during defendant's trial the government portrayed Osigwe as a victim who had been exploited by defendant. On the other hand, the government pursued criminal charges against Osigwe. According to defendant, "[t]he government's adoption of these inconsistent positions is absolutely improper and has prejudiced the defendant in several ways," among them are the following.

First, defendant argues that the government has improperly attempted to bolster the credibility of Osigwe by "emphasizing that he expects to serve a lengthy prison sentence for his actions," which, according to defendant, would lead a reasonable juror to conclude that "there is less incentive to fabricate or shade the truth if a witness is only seeking a reduction of his sentence rather than to eliminate it altogether."

Second, defendant argues that he was prejudiced when the government represented to the jury that Osigwe was going to suffer a penalty for his actions while at the same time knowing that Osigwe had not admitted to wrongful actions and would likely not suffer a penalty.

Third, defendant argues that the "continued prosecution of Osigwe despite the denials of Osigwe that he knew anything was wrong may give the jurors the impression that the requisite standard of proof is lower than it actually is."

Fourth, defendant argues that the government essentially hid the deficiencies relating to Osigwe's guilty plea from this Court and from defendant.

Nothing about the government's conduct was improper and defendant's argument that the government engaged in prosecutorial misconduct is therefore unpersuasive. As the government correctly notes, "Osigwe was presented [to the jury] as he was at the time: a defendant charged with possession of heroin . . . who had pled guilty and expected to

10

derive a benefit from his testimony." Defendant had the opportunity to—and did—attack Osigwe's credibility on several occasions, exposing any motive he may have to lie. Moreover, as discussed above, the Court instructed the jury to view Osigwe's testimony cautiously.

VI.

For the reasons stated above, Defendant's motion for a judgment of acquittal or new trial is DENIED.

SO ORDERED.

                                           s/Avern Cohn  
                                           AVERN COHN  
                                           UNITED STATES DISTRICT JUDGE

Dated: July 22, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 22, 2009, by electronic and/or ordinary mail.

                                           s/LaShawn R. Saulsberry  
                                           Case Manager, (313) 234-5160